UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
United States of America,                              :
                                                       :
           -against-                                   :
                                                       :
Joel Soto,                                             :
                                                       :
                      Defendant,                       :
                                                       :
           -and-                                       :     **ORDER OF FORFEITURE**
                                                       :     07-CR-800 (DLI)
Johira Hernandez,                                      :
Gabriel Soto,                                          :
Rafaelina Blandino,                                    :
Edilberto Peralta,                                     :
Ingrid Garcia,                                         :
Hilario Soto,                                          :
Sonya Pimentel,                                        :
Tomas Diaz,                                            :
Carmen Soto,                                           :
Pedro Matias, and                                      :
Lourdes Liranzo,                                       :
                                                       :
                      Sureties.                        :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Defendant Joel Soto ("defendant") pled guilty on January 7, 2008 to Count One of the indictment charging him with conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1). During the pendency of this matter and while defendant awaited sentence, defendant was at liberty on a $500,000 bond with certain conditions set by the magistrate judge on September 12, 2007. These conditions included detention at the parental home with electronic monitoring. (*See* ECF Docket Entry 13.) Prior to sentence, defendant absconded from supervision in the District of Connecticut and became a fugitive. The government now moves for an order (1) directing the Clerk of the Court to enter judgment on the bail bond against defendant and the sureties, Johira Hernandez, Gabriel Soto,

Rafaelina Blandino, Edilberto Peralta, Ingrid Garcia, Hilario Soto, Sonya Pimentel, Tomas Diaz, Carmen Soto, Pedro Matias, and Lourdes Liranzo (collectively, the "Sureties"), in the amount of $500,000, (2) forfeiting to and vesting in the United States of America all rights, title, and interest in the $10,000 in United States currency deposited on September 12, 2007 with the Clerk of the Court as cash bail to secure the release on bond of defendant; (3) forfeiting to and vesting in the United States of America all rights, title, and interest in the premises and real property located at 4 Twins Court, Norwich, Connecticut 06360, owned by defendant's mother and stepfather, Rafaelina Blandino and Edilberto Peralta, and posted as security for defendant's bail; (4) directing the United States Marshal to place the United States in immediate, peaceful, and exclusive possession of the aforementioned parcel of real property; and (5) appointing a Receiver to take possession of and sell the aforementioned parcel of real property and apply the sale proceeds in partial satisfaction of the judgment entered against defendant and the Sureties.

The government's motion is granted in part and denied in part. For the reasons set forth below, the court declares defendant's bail forfeited, and directs the Sureties to surrender defendant to the United States Marshal within thirty (30) days of the date of this order, i.e., on or before July 18, 2008. Unless defendant is surrendered within such time, the forfeiture will not be set aside, and the court will entertain the government's motion for entry of default judgment.

**I. Background**

Federal customs agents arrested defendant on September 6, 2007 for conspiring to possess with intent to distribute between seven and eight kilograms of heroin. On September 11, 2007, United States Magistrate Judge Marilyn D. Go set bail for defendant at $500,000, secured by $10,000 in United States currency deposited with the Clerk of the Court, as well as the rights, title, and interest in premises and real property located at 4 Twins Court, Norwich, Connecticut

06360, and owned by defendant's mother and stepfather. In addition, seven other sureties signed and agreed to pay the bond on September 12, 2007. (*See* ECF Docket Entry 13.) The bail bond was signed by defendant, as well as by the Sureties. Defendant thereafter was released on bond, subject to electronic monitoring and home detention at his parents' residence at 4 Twins Court.

On January 7, 2008, Defendant pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin. Sentencing originally was scheduled for April 9, 2008, but was adjourned *sine die* on March 25, 2008, in response to a request from the government. On April 1, 2008, the court received a letter from defendant dated March 21, 2008, in which defendant apologized for having "skipped Court," and stated his intention to avoid the "wrongful and harsh ways the sentencing guidelines are taking" him. (ECF Docket Entry 25.) The defendant also sent the court a paperback book, which the court promptly turned over to the U.S. Marshals as the court cannot receive any kind of gift from any party in a case. On April 10, 2008, the court received a package from District of Connecticut Senior U.S. Probation Officer Jacqueline Carroll, which contained an original manila envelope that defendant had sent to her and U.S. Probation Officer Melendez. In that manila envelope, postmarked March 28, 2008 and sent from a Bronx, NY postal code, defendant had enclosed original signed copies of the Electronic Monitoring Participant Enrollment form and the Home Confinement Program Participant Agreement form, as well as a note from defendant to Probation Officer Carroll, thanking her "for being a great probation officer," and stating: "You can pick up the rest of the equipment at [h]ome. Go on Sunday, mom will be [i]n."

Additionally, by memorandum dated April 14, 2008, the court was advised by Supervising U.S. Probation Officer Mark Gjelaj that defendant had mailed to U.S. Probation

Officer Amrita Ashok, who prepared the presentence report in this case, an envelope containing a *Wonder Woman* comic book and a letter dated March 21, 2008. The letter stated, *inter alia*, that defendant "d[id]n't think [he was] ready for this" and that he "can't go to jail for 10 years." (ECF Docket Entry 29.) On May 20, 2008, the government filed the instant motion, and informed the court that on or about March 24, 2008, defendant breached the conditions of his release by removing his electronic monitoring bracelet and absconding from supervision in the District of Connecticut, resulting in an arrest warrant being issued by this court on March 26, 2008.

## II.     Discussion

When a defendant who has been released on bond fails to appear at a scheduled court proceeding, the Bail Reform Act of 1984 authorizes the court to declare forfeited to the United States any property that was used as bail to secure that defendant's appearance. 18 U.S.C. § 3146(d). Rule 46(f) of the Federal Rules of Criminal Procedure goes further, affirmatively providing that "[t]he court *must* declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1) (emphasis added). After making such a declaration, however, "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if the surety later surrenders into custody the person released on the surety's appearance bond; or it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2). If the court does not set aside a bail forfeiture, it "must, upon the government's motion, enter a default judgment." Fed. R. Crim. P. 46(f)(3)(A). Sureties submit to the court's jurisdiction when they enter a bond, and the court may, upon the government's motion, enforce the sureties' liability without commencing a separate action. Fed. R. Crim. P. 46(f)(3)(B), (C). After a default judgment is entered, "the court may remit in whole or in part the judgment under the same

conditions specified in Rule 46(f)(2)." Fed. R. Crim. P. 46(f)(4). District courts have broad discretion in determining whether to set aside or remit a bail forfeiture. *United States v. Ahmed*, No. 93 Cr. 13-2, 2008 WL 281968 at *3 (S.D.N.Y. Jan. 28, 2008); *United States v. Stathakis*, No. 04-CR-790, 2007 WL 3124703 at *3 (E.D.N.Y. Oct. 24, 2007); *see also United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994) (noting the factors to consider in a remission inquiry) (citing *United States v. Carvajal*, 674 F. Supp. 973, 974 (E.D.N.Y. 1987)).

Defendant has violated the conditions of his release, and although his next court appearance had been adjourned, he has made abundantly clear his intention to avoid the consequences of his crime, and not to appear before the court to be sentenced. Under these circumstances, and pursuant to Rule 46(f)(1), the court must declare forfeited defendant's $500,000 bail.

WHEREFORE, the SURETIES are hereby on NOTICE, that unless defendant is surrendered to the court within thirty (30) days from the date of this order, i.e., on or before July 18, 2008, the court WILL NOT set aside the order of forfeiture, and it will entertain the government's motion for default judgment. An entry of default judgment will result in defendant, and every single surety named at the outset of this order, being held jointly and severally liable for the $500,000 bail posted for defendant. Moreover, an entry of default will result in the United States of America being vested with all rights, title, and interest in: (1) the $10,000 of United States currency deposited with the Clerk of the Court, (2) the premises at 4 Twins Court, Norwich, Connecticut 06360, and (3) any and all properties and/or assets owned by the remaining Sureties. Upon entry of default, all individuals living at 4 Twins Court, including the owners of the property, Rafaelina Blandino and Edilberto Peralta, will be removed from the premises, and the United States Marshals Service will place the United States of America in

exclusive possession of the property. A Receiver then will be appointed to take possession of the property, sell the property, and apply the proceeds towards satisfaction of defendant's and the Sureties' obligation for the $500,000 bail. After the proceeds from the sale of property at 4 Twins Court have been applied to the bail obligation, defendant and the Sureties will remain jointly and severally liable for whatever portion of the bail remains outstanding.

The Clerk of the Court is hereby directed to serve a copy of this order on the following persons at their last known addresses:

1. JOEL SOTO
   4 Twins Court
   Norwich Connecticut, 06360

2. JOHIRA HERNANDEZ
   2600 Crescent Avenue, Apt. H
   Bronx, New York 10468

3. GABRIEL SOTO
   2600 Crescent Avenue, Apt. H
   Bronx, New York 10468

4. RAFAELINA BLANDINO
   2600 Crescent Avenue, Apt. H
   Bronx, New York 10468

5. EDILBERTO PERALTA
   4 Twins Court
   Norwich Connecticut, 06360

6. INGRID GARCIA
   511 West 134th Street, Apartment 1C
   New York, New York 10031

7. HILARIO SOTO
   2170 Creston Avenue, Apartment 6C
   Bronx, New York 10453

8. SONYA PIMENTEL
   1945 Loring Place
   Bronx, New York 10453

9. TOMAS DIAZ
   1945 Loring Place
   Bronx, New York 10453

10. CARMEN SOTO
    115 Livingstone Circle
    Newnan, Georgia 30265

11. PEDRO MATIAS
    3349 Olinville Avenue
    Bronx, New York 10467

12. LOURDES LIRANZO
    53-01 32nd Avenue Apartment 4N
    Woodside, New York 11377

The Clerk of the Court is directed to effect service by mailing copies of this order forthwith.

SO ORDERED.

Dated: Brooklyn, New York
       June 18, 2008

                                                  _____/s/_____
                                                  DORA L. IRIZARRY
                                               United States District Judge